IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No: 1:10cr106 |
| | ) | |
| JULIE ANN MCKENNA, | ) | The Honorable Liam O'Grady |
| | ) | |
| aka "Ashley," "Jen," | ) | Sentencing: July 9, 2010 |
| | ) | |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, through undersigned counsel, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual, §6A1.2 (Nov. 2009), files this Position of the United States With Respect to Sentencing in the instant case. The United States has no objection to the Presentence Report and Addendum. The United States respectfully submits that the Sentencing Guidelines establish a reasonable sentencing range (57 to 71 months) that appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a). Accordingly, we request that this Court impose a sentence of 71 months.

**Argument**

Even though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 125 S. Ct. 738, 767 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the

1

court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553 states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant, and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D).

**Facts**

In early 2009, defendant Julie Ann McKenna met a juvenile, T.L., who was sixteen years old. Both were living in California. At some point, the defendant moved to the east coast and began working for a pimp, Marc Brickhouse. The defendant and T.L. occasionally communicated via MySpace and over the phone after the defendant relocated. During one of those calls, T.L. first spoke to Brickhouse. In December 2009, T.L. decided to run away from home and requested the defendant's help. Brickhouse and the defendant agreed for T.L. to join them. The defendant told T.L. that she would fly to California and bring T.L. back to Maryland with her but that T.L. would have to "work" to make money.

On or about December 15, 2009, the defendant flew from Maryland to California to meet T.L. On the following day, the defendant and T.L. boarded a Greyhound bus headed to Rockville, Maryland. Brickhouse gave the defendant the money to purchase the airline and bus

2

tickets. When T.L. and the defendant arrived at the bus station, they were met by Brickhouse who took them to the Red Roof Inn in Rockville.

From in and around late December 2009 through February 2010, Brickhouse and the defendant transported T.L. between Maryland, Virginia, and New York to engage in prostitution. In order to solicit T.L's services, Brickhouse and the defendant posted prostitution advertisements on www.craigslist.org for T.L. The defendant used her Craigslist account to create the ads and Brickhouse paid for them. Brickhouse and the defendant decided to use a fake photograph allegedly depicting T.L. in the ads because, as Brickhouse stated, the photos of T.L. looked too young to be posted on Craigslist for prostitution.

During this period, the trio would stay at hotels for extended periods of time during which T.L. and the defendant engaged in sex with clients for money. Brickhouse would leave the hotel room while they met with clients. After the client would leave, T.L. would provide the money to Brickhouse. This operation continued until February 21, 2010. On that day, T.L. fled from the Residence Inn in Woodbridge, Virginia, after an argument with the defendant and Brickhouse. After T.L. ran to a nearby Babies R Us store, a store employee contacted the police, leading to T.L.'s recovery and the defendant's and Brickhouse's eventual arrest.[1]

## Argument

**A.**  **A Sentence of 71 Months is Reasonable and Appropriate Given the Nature and Circumstances of the Offense, and the Individual Characteristics of this Defendant.**

A sentence of 71 months is appropriate given the serious nature of this crime and this defendant's conduct. 18 U.S.C. § 3553(a)(1), (2)(A). She preyed on a troubled sixteen-year-old

---

[1]The victim turned seventeen several days before she was recovered.

girl and led her into the insidious and dangerous world of prostitution.  From late December to February 21, this girl was prostituted in three states.  This defendant knew this girl.  She knew she was underage and in high school, and that she had a troubled past.  The defendant exploited that.  The defendant introduced this girl to the defendant's pimp; the defendant flew to California to bring this girl back to the east coast; and the defendant posted the ads on Craigslist.  This crime was possible because of the defendant.  She is responsible for all of the men this young girl had sex with for money.

Julie McKenna is twenty-one years old.  Besides this conviction, she does not have a criminal record.  She is not a pimp nor does she have a long history of engaging in prostitution.  Since her arrest, the defendant has accepted responsibility, and even expressed remorse for her crime.  That being said, her crime is a serious one with far-reaching consequences.  There is a victim in this case – a young girl with a face, with a name.  The harm to her will not be easily undone.  A sentence of seventy-one months is necessary to account for the nature of the defendant's crime, promote respect for the law, and provide the requisite level of deterrence.  18 U.S.C. § 3553(a)(2)(A), (B), (C).

## Conclusion

For the reasons stated, the United States asks this Court to impose a sentence of 71 months.

Respectfully Submitted,

Neil H. MacBride
United States Attorney

By: _____/s/_____
Patricia T. Giles, Esq.
Virginia Bar No.: 43257
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3982
Email Address: Patricia.Giles@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on the 2nd day of July 2010, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Geremy Kamens, Esq.
Counsel for Defendant


I also certify that on this same day a copy of the foregoing was sent electronically to:

Jennifer Lylerly
U.S. Probation Office


                                                /s/
                                Patricia T. Giles, Esq.
                                Virginia Bar No.: 43257
                                Attorney for the United States of America
                                Office of the United States Attorney
                                Justin W. Williams U.S. Attorney's Building
                                2100 Jamieson Avenue
                                Alexandria, Virginia 22314
                                Phone:  703-299-3700
                                Fax: 703-299-3982
                                Email Address: Patricia.Giles@usdoj.gov