IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Docket No. 1:10CR106 |
| | ) | Hon. Liam O'Grady |
| JULIE MCKENNA, | ) | Sentencing Date: July 9, 2010 |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S POSITION ON SENTENCING FACTORS**

Pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.3 of the United States Sentencing Guidelines, and this Court's Policy Regarding Procedures to be Followed in Guideline Sentencing, the defendant, Julie McKenna, through counsel, states that she has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case.

This is an extremely sad case because it involves a 21-year-old young woman with a good background and loving parents who lost her way. It is hard to understand exactly how Julie went from attending Catholic school at St. John Vianney, participating in student council and helping to coach youth basketball, to working as a prostitute up and down the East Coast starting in September 2009. But it seems obvious that the divorce of Julie's parents had something to do with it. As a family friend writes, "I am not too sure when things went wrong. . . .but I saw a big change in Julie and her sister Kelly when Kathy and Dave's marriage started falling apart."[1]

Julie began using marijuana in middle school at the same time that her parents' marriage began to dissolve. She eventually started using ecstacy and cocaine while in high school.

---

[1] Letter from Mary Taylor; letters written by family and friends, as well as family photos, are submitted separately to the Court with a copy provided to the government.

Although she continued to consume illegal drugs when she graduated from high school, this case constitutes Julie's first encounter with the criminal justice system — and she will receive a significant punishment for it. The parties have made a non-binding recommendation that Julie be sentenced at the top of the advisory sentencing range, 71 months. While it is appropriate for Julie to receive a significant punishment for her involvement in transporting the minor in this case, it is worth noting that Julie is also a very young woman who was victimized by her co-defendant into selling herself to strangers for money.

I.     The Sentencing Factors

The Sentencing Reform Act, 18 U.S.C. § 3551 *et seq.*, contains an "overarching instruction" that district courts must impose sentences "sufficient but not greater than necessary" to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). These statutory sentencing goals include retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment"), deterrence and incapacitation ("to protect the public from further crimes"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

In designing a sentence designed to meet those goals, however, the Court must "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall v. United States*, 128 S. Ct. 586, 598 (2007) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). Accordingly, section 3553 directs courts to consider: (a) the nature and circumstances of the offense and the history and characteristics of the defendant, (b) the kinds of sentences

available, (c) the guideline range, (d) the need to avoid unwarranted sentencing disparities, (e) the need for restitution, and (f) the need for the sentence to reflect the following: the seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a).

A.    The Sentencing Guidelines

The starting point for all federal felony sentencing proceedings is the correct calculation of the advisory sentencing range and the consideration of relevant information. *United States v. Lewis*, 606 F.3d. 193, 200-01 (4th Cir. 2010). The PSR recommends an advisory range of 57-71 months of imprisonment.

B.    The Nature and Circumstances of the Offense, and the History and Characteristics of the Defendant

During her brief time working as a prostitute, Julie was contacted by an acquaintance in California who stated that she was suffering physical abuse at home. In December 2009, the acquaintance told Julie that she was going to run away from home and she needed Julie's help. The girl agreed to work as a prostitute with Julie and her co-defendant, so Julie was given the money to travel back to California to pick up the girl. The three then traveled to Virginia, among other locations, where Julie and the girl worked as prostitutes.

Julie's foray into the world of prostitution was brief in time and disastrous in its consequences. In the aftermath of the choices that led to her conviction, however, Julie has taken

full responsibility for her misconduct and also recognizes that she still has ample time to turn her life around.

There is very little in her background to suggest that she would end up facing years in federal custody. Born into a middle class family in San Jose, California, Julie attended Catholic school from kindergarten to eighth grade. As the letters from her family and friends attest, she was active in school, participating in sports, the student council, and the school choir.

In the wake of her parents' divorce, however, both Julie and her sister increasingly rebelled from their parents. She has also recently received a mental health diagnosis, PSR ¶ 48, which may have contributed to her inability to adapt to the changes in her family arising from the divorce. Ultimately, Julie had to move out of her mother's home when she was 18 in part due to her drug use. Although Julie graduated from high school and was able to maintain employment as a salesperson for several years, she lost her job in January 2009. Thereafter, she aimlessly fell into making money through prostitution.

She has no other arrests, no other convictions, and has difficulty understanding how she allowed herself to become involved in the underlying conduct.

C.     The Kinds of Sentences Available

No mandatory minimum sentence applies in this case.

D.     The Need for the Sentence to Reflect the Basic Aims of Sentencing: "just punishment," deterrence, incapacitation, and rehabilitation.

Julie had never before spent any time in prison before her arrest in this case. She is also extraordinarily remorseful for her conduct. She understands now, more than ever, the

consequences of her actions and the effect her choices can have on her future and on the lives of others.

CONCLUSION

Julie McKenna is a young woman who made a terrible mistake not only in participating in the conduct that led to this prosecution, but also in allowing herself to fall into becoming a prostitute herself. We ask the Court to impose a sentence, as recommended by the parties, after full consideration of the factors contained in 18 U.S.C. § 3553.

Respectfully submitted,
Julie Ann McKenna
By Counsel

_____/s/_____
Geremy C. Kamens
Virginia Bar Number 41596
Attorney for the Defendant
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0870 (telephone)
(703) 600-0880 (fax)
Geremy_Kamens@fd.org (e-mail)

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2010, I will electronically file the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Patricia Giles, Esq.
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

 

_____/s/_____
Geremy C. Kamens
Virginia Bar Number 41596
Attorney for the Defendant
Assistant Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
(703) 600-0870 (telephone)
(703) 600-0880 (fax)
Geremy_Kamens@fd.org (e-mail)