IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No: 1:10cr106 |
| | ) | |
| MARC SHAWN BRICKHOUSE, | ) | The Honorable Liam O'Grady |
| | ) | |
| | ) | Sentencing: July 23, 2010 |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S
POSITION ON SENTENCING**

The extent of the defendant's involvement was significant, and the United States agrees with the probation officer that the defendant acquired a leadership or supervisory role in the offense, and that the two-level enhancement, pursuant to U.S.S.G. § 3B1.1(c), is appropriate. Moreover, a sentence of 120 months, as requested by the defense, would be inadequate to account for the defendant's conduct.

There are several factors for the Court to consider when determining whether a defendant was a leader or supervisor. Such factors include: the exercise of decision making authority; the nature of participation in the commission of the offense; the recruitment of accomplices; the claimed right to a larger share of the fruits of the crime; the degree of participation in planning or organizing the offense; the nature and scope of the illegal activity; and the degree of control and authority exercised over others. U.S.S.G. § 3B.1.1, Application Note 4; *United States v. Scott*, 529 F.3d 1290, 1304 (10th Cir. 2008). Applying these factors to the defendant's criminal conduct

in the instant offense demonstrates the leadership role he assumed and why the two-level enhancement is appropriate.

The defendant was a pimp and, as every other pimp, exercised a large degree of control and authority over his prostitutes. The defendant directed McKenna to fly out to California and then escort T.L. to the east cost, and he also paid for the tickets. The defendant directed McKenna to post prostitution ads for herself and the juvenile. The defendant paid for the prostitution ads to be posted on Craigslist. The defendant made the decision to use a fake photograph, stating that photos of T.L. looked too young to be posted on Craigslist for prostitution. The defendant also drove McKenna and T.L. from hotel to hotel across three states in order for them to have sex with men for money. Each time, McKenna and T.L. gave all of their money to the defendant. Each of these factors reflect the defendant's decision making authority and his control. *See Scott*, 529 F.3d at 1304 (holding the court did not err in applying leadership enhancement where the defendant acted as a supervisor of at least one prostitute, claimed all the fruits of the prostitution activities, chose where the women he employed worked, and directed the participation in the enterprise).

Unlike the pimp and prostitute in *Scott,* McKenna has admitted that the defendant did not give her specific earning requirements and would allow her to take a day off if she did not want to work.[1] McKenna, however, also stated that the defendant pushed her to bring the girl back to the east coast, stating that it would be easier for McKenna because she would have someone to share the work. After the juvenile started, McKenna was also allowed to return home for a trip to California. During that time, the defendant would call her daily and have her post ads for the

---

[1]McKenna made these statements in a meeting with government.

juvenile who was still back working on the east coast for Brickhouse.  The defendant also sent McKenna money while she was in California.  Despite the fact that there were no earning requirements and the defendant allowed McKenna to take days off and gave her money on one occasion, it is clear that he still held a supervisory role.

This was not some joint venture between the defendant and McKenna as the defendant claims.  They were not equals.  McKenna may have known the juvenile but the juvenile came to work for the defendant.  Otherwise, the juvenile would have been giving some of her money to McKenna instead of both giving it all to Brickhouse.  Even at the time of the defendant's and McKenna's arrest, it was the defendant who was carrying over $3000 in cash.  By his own admission, he earned an average of $8000 a month from prostitution.  PSR, ¶ 60.

For the above-stated reasons, the United States submits that the defendant assumed a leadership role in the offense and the two- level upward adjustment is appropriate.  Based on his conduct and his characteristics (his criminal record and the fact that he committed the instant offense while on pretrial diversion), the Guidelines are appropriately assessed and the defendant should be sentenced to 168 months.

                          Respectfully Submitted,

                          Neil H. MacBride
                          United States Attorney

By:         /s/
                Patricia T. Giles, Esq.
                Virginia Bar No.: 43257
                Attorney for the United States of America
                United States Attorney's Office
                Justin W. Williams U.S. Attorney's Building
                2100 Jamieson Avenue
                Alexandria, Virginia 22314

Phone: 703-299-3700
Fax: 703-299-3982
Email Address: Patricia.Giles@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on the 22nd day of July 2010, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Frank Salvato, Esq.
Counsel for Defendant

I also certify that on this same day a copy of the foregoing was sent electronically to:

Jennifer Lylerly
U.S. Probation Office

                                               /s/
                                Patricia T. Giles, Esq.
                                Virginia Bar No.: 43257
                                Attorney for the United States of America
                                Office of the United States Attorney
                                Justin W. Williams U.S. Attorney's Building
                                2100 Jamieson Avenue
                                Alexandria, Virginia 22314
                                Phone:  703-299-3700
                                Fax: 703-299-3982
                                Email Address: Patricia.Giles@usdoj.gov